UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY CAGLIONE,

Appellant,

-against-

KEY BANK, NATIONAL ASSOCIATION,

Appellee.

**OPINION AND ORDER**

25-CV-08182 (PMH)

PHILIP M. HALPERN, United States District Judge:

Gregory Caglione ("Appellant") appeals from the Order of the United States Bankruptcy Court for the Southern District of New York (Morris, B.J., ret.) ("Bankruptcy Court") dated September 18, 2025 (A084),[1] which denied Appellant's motion to set aside the judgment lien of Key Bank, National Association ("Key Bank" or "Appellee"), as impairing his homestead exemption pursuant to 11 U.S.C. § 522(f) (the "Bankruptcy Order"). A Notice of Appeal dated September 26, 2025 was filed in this Court on October 2, 2025. (Doc. 1).

Appellant filed his brief on December 5, 2025. (Doc. 5, "App. Br."). On January 30, 2026, the Court issued an order noting that Appellee's brief was due January 5, 2026 but that it had not filed a brief or otherwise communicated with the Court. (Doc. 7). The Court *sua sponte* extended the deadline for Appellee to file its brief to February 13, 2026. (*Id.*). Appellee did not file and, accordingly, the Court issued an order scheduling a deadline for the filing of the Appellant's reply brief, and directing Appellant to address the impact, if any, on Appellee's failure to file a brief. (Doc. 8). The appeal was fully submitted with the filing of Appellant's reply brief. (Doc. 9, "Reply").

[1] Citations to "A___" are references to the Appendix filed by Appellant. (Doc. 5-2).

For the reasons set forth below, the Bankruptcy Order is REVERSED and REMANDED for further proceedings not inconsistent with this Opinion and Order.

**BACKGROUND**

The facts recited herein are drawn from the record on appeal. (*See* Doc. 5-2). Appellant filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Bankruptcy Code on May 2, 2025. (A001-011). His primary asset, a single-family home located in Rockland County, is owned with his non-filing spouse as tenants by the entirety. (A016). The property was valued at $725,000.00. (A050-071). The property is encumbered by a first mortgage held by Nationstar Mortgage LLC with a principal balance in the amount of approximately $394,112.57. (A072-074).

Appellant claimed a homestead exemption in the property in the amount of $204,825.00. (A021). Key Bank has a judgment lien against the Debtor in the principal amount of $146,188.55 (the “Judicial Lien” or “Key Bank lien”). (A075-079). On July 31, 2025, Appellant moved the Bankruptcy Court to set aside the Key Bank lien on his property as impairing his homestead exemption. (A045-079). Appellant used a calculation codified in Section 522(f)(2)(A) of the Bankruptcy Code, and set forth in the case *In re Jesse Brody*, 297 B.R. 5, 8 (Bankr. S.D.N.Y. 2003), in support of his motion. Specifically, he argued that his interest in the jointly-owned property was ½ the value of the property, and when the liens and exemption are totaled, they exceed the Appellant’s interest in the property. Under this formula, because Appellant’s homestead exemption rights are impaired in an amount exceeding the value of the Judicial Lien, the Key Bank lien should be avoided.

Key Bank did not interpose any objection to the Appellant’s claim of an exemption. (A085-090). Key Bank did not file any opposition to Appellant’s motion to avoid the Judicial Lien. (*Id.*;

A084). On September 10, 2025, the Bankruptcy Court held a hearing on the motion. (A098-108). Key Bank did not appear at the hearing. (*Id.*).

The Bankruptcy Court ruled from the bench, denying Appellant's exemption motion. (*Id.*). The Bankruptcy Court considered Appellant to have a 100% interest in the property, stating that "the full fair market value of the property, as of the petition date, is used for lien avoidance calculations." (A101). The Bankruptcy Court also reduced Appellant's claimed homestead exemption to $150,000. (*Id.*). The Bankruptcy Court then calculated the mortgage and lien plus the homestead exemption at $544,112.57 and subtracted that from the full value of the property, $725,000.00, leaving $180,907.43 in equity. (*Id.*). Therefore, the Bankruptcy Court ruled, the Key Bank lien being less than the Debtor's equity in the house, was to remain intact in its entirety. (*Id.*). A written order memorializing that ruling was entered on September 18, 2025. (A084).

This appeal followed.

## STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." This Court, in exercising its appellate jurisdiction, may:

> affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106; *see also In re Bernard L. Madoff Inv. Secs., LLC*, No. 15-CV-01151, 2016 WL 183492, at *8 n.14 (S.D.N.Y. Jan. 14, 2016) (explaining that, although Federal Rule of Bankruptcy

Procedure 8013 was amended and language explaining that the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings" was removed, the authority remains because "logic compels" that result "with respect to the appellate powers of the District Court"), *aff'd*, 697 F. App'x 708 (2d Cir. 2017).[2]

"The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*." *In re Markus*, 78 F.4th 554, 563 (2d Cir. 2023). The clear error standard permits the Court to set aside the Bankruptcy Court's factual findings only if the Court is "left with the definite and firm conviction that a mistake has been committed." *Sacerdote v. New York Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 396 (1948)). "[C]lear error review mandates that [the Court] defer to the [Bankruptcy Court's] factual findings, particularly those involving credibility determinations." *Id.* (citing *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)). A *de novo* review on the other hand allows the Court "to decide the issue as if no decision had been previously rendered. No deference is given to the Bankruptcy Court's decision." *In re Reilly*, 245 B.R. 768, 772 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000). "When mixed questions of law and fact are raised on appeal, they are presumptively subject to de novo review." *In re Portaluppi*, No. 13-CV-00421, 2014 WL 2559403, at *2 (D. Conn. June 6, 2014), *aff'd*, 609 F. App'x 30 (2d Cir. 2015).

**ANALYSIS**

Appellant argues that the Bankruptcy Court erred by: (1) improperly determining that Appellant's allowable homestead exemption was only $150,000.00 not $204,825.00; and (2) by declining to follow the longstanding formula for setting aside liens where the debtor owns a home

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

with a non-filing spouse as tenants by the entirety, consistent with 11 U.S.C. § 522 and case law from this District.

I. Applicable Homestead Exemption

Pursuant to N.Y. C.P.L.R. Section 5206(d), debtors may claim a maximum homestead exemption of $150,000.00 for properties in Rockland County. "This statutory amount is adjusted upwards every three years." *In re Culver*, No. 23-35334, 2025 WL 2965047, at *5 (Bankr. S.D.N.Y. Oct. 17, 2025) (citing *Current Dollar Amount of Payments Statutorily Exempt from Enforcement of Judgments*, N.Y.S. Dep't of Fin. Servs., https://www.dfs.ny.gov/industry_guidance/exemption_from_judgments). As of 2024, and on the date Appellant's bankruptcy case was filed, the maximum exemption for properties in Rockland County was $204,825.00. *See Current Dollar Amount of Payments Statutorily Exempt from Enforcement of Judgments*, N.Y.S. Dep't of Fin. Servs., https://www.dfs.ny.gov/industry_guidance/exemption_from_judgments (last visited Sept. 8, 2026)). The Bankruptcy Court reduced Appellant's claimed homestead exemption from $204,825.00 to $150,000.00. (A101). Although Appellant's "claimed homestead exemption exceeds the maximum *statutory* exemption provided for properties in [Rockland] County under N.Y. C.P.L.R. § 5206(d) . . . ., the [Appellant's] claimed exemption of [$204,825.00] is the correct dollar amount of exemption for properties in [Rockland] County as of [2025], when the instant case was filed." *Culver*, 2025 WL 2965047, at *2 (emphasis in original).

Accordingly, the Bankruptcy Court's application of the statutory exemption amount, without regard to the applicable Department of Financial Services' upward adjustments, was error.

II. Valuation of Interest in Jointly-Held Property

Appellant argues that the Bankruptcy Court erred in valuing his interest in the property, held jointly with his non-filing spouse as tenants by the entirety, at 100% instead of 50% of the value. "New York law recognizes several categories of real property title ownership, including tenancy by the entirety . . . ." *Culver*, 2025 WL 2965047, at *5. "A tenancy by the entirety is 'a tenancy whose salient characteristic is the unique relationship between a husband and his wife each of whom is seized of the whole and not of any undivided portion of the estate.'" *Id.* (quoting *In re Heaney*, 453 B.R. 42, 46 (Bankr. E.D.N.Y. 2011)).

"Section 522(f) of the Bankruptcy Code allows a debtor to avoid a creditor's interest in their property if that property would be exempt but for the existence of the creditor's lien." *Culver*, 2025 WL 2965047, at *4 (citing 11 U.S.C. § 522(f)). That section, *inter alia*,

> sets out a mathematical formula for the courts to apply to determine whether a lien impairs the debtor's exemption. Specifically, liens impair an exemption to the extent that the sum of all liens on the property, including the lien under consideration, together with the value that the debtor could claim as exempt in the absence of liens on the property, exceed the value of the debtor's interest in the property if it were totally unencumbered.

*In re Armenakis*, 406 B.R. 589, 617 (Bankr. S.D.N.Y. 2009). In other words, the formula is the debtor's interest in the property minus the total of all liens plus the homestead exemption. "[W]hen the value of all liens plus the homestead exemption is greater than the debtor's interest in the property, the lien can be avoided." *Culver*, 2025 WL 2965047, at *4.

The Bankruptcy Court rejected Appellant's calculation of his interest in the property, acknowledging that Appellant "owns the property as the tenant by the entirety with his non-filing spouse" but holding that "the full fair market value of the property, as of the petition date, is used for lien avoidance calculations." (A101). This Court disagrees, finding more persuasive the

reasoning set forth in the case *In re Bradigan*, 501 B.R. 151 (Bankr. W.D.N.Y. 2013), wherein the Bankruptcy Court for the Western District of New York explained that "under New York law, the property interest of any one debtor is more properly set at half of the equity of any homestead owned by the entireties." *Id.* at 154. This reasoning has also been adopted and articulated by the Bankruptcy Court of the Southern District of New York. *Armenakis*, 406 B.R. at 617-18 ("[T]he 'correct approach' is to view Debtor as owning one half of the property to which one half of the consensual first lien (*i.e.*, the pre-petition Maintenance) is attributable and 'therefore to regard "property" in subsection (ii) to mean the debtor's interest in the property and then to allocate the lien among the interests in the property proportionately.'" (quoting *In re Miller*, 299 F.3d 183, 186 (3d Cir. 2002))); *Brody*, 297 B.R. at 6 (applying section 522(f) calculations to debtor's interest in property as ½ of the total value).

Absent any objection or opposition lodged to Appellant's calculation of his interest in the property, and "[w]ith no evidence to compel a different valuation," Appellant's claimed 50% interest is presumptively reasonable. *Bradigan*, 501 B.R. at 155; *see also In re Prestegaard*, 139 B.R. 117, 118 (Bankr. S.D.N.Y. 1992) (no dispute that debtor tenant by the entirety of a residence in Rockland County, New York, has a one-half interest in the total equity).

Accordingly, the Bankruptcy Order is reversed and the matter remanded for proper calculations with the correct figures utilized for both the homestead exemption and Appellant's interest in the property.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Order is REVERSED and REMANDED to the Bankruptcy Court for further proceedings not inconsistent with this Opinion and Order.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: White Plains, New York
September 8, 2026

PHILIP M. HALPERN
United States District Judge